COPY

FILED

2014 FEB 28 PM 4:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

1  KILPATRICK TOWNSEND & STOCKTON LLP
   LARRY W. MCFARLAND (Bar No. 129668)
2  LMcFarland@kilpatricktownsend.com
   CHRISTOPHER T. VARAS (Bar No. 257080)
3  CVaras@kilpatricktownsend.com
   9720 Wilshire Blvd PH
4  Beverly Hills, CA 90212-2018
   Telephone:  310-248-3830
5  Facsimile:   310-860-0363

6  Attorneys for Plaintiff
   CELGARD, LLC
7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                   SOUTHERN DIVISION

11                 CV14-01535-CAS(R2x)

12 | IN RE:  SUBPOENA TO KIA        | Civil Action No.
   | MOTORS AMERICA, INC.          |
13 |                               | **NOTICE OF INTENT TO FILE EX**
   |                               | **PARTE APPLICATION TO**
14 | In Connection With:           | **COMPEL COMPLIANCE WITH**
   |                               | **SUBPOENA TO KIA MOTORS**
15 | Celgard, LLC                  | **AMERICA, INC., OR FOR**
   |                               | **TRANSFER TO THE WESTERN**
16 | v.                            | **DISTRICT OF NORTH CAROLINA**
17 | SK Innovation Co., Ltd.       | Date:     February 21, 2014
18 | Case No. 3:13-CV-00254-MOC-DSC
   | United States District Court
19 | Western District of North Carolina
20
21
22
23
24
25
26
27
28

NOTICE OF INTENT TO FILE EX PARTE APPLICATION
TO ENFORCE RULE 45 SUBPOENA
CASE NO. MISC.

1    **NOTICE OF INTENT TO FILE EX PARTE APPLICATION**

2         TO THE HONORABLE COURT, KIA MOTORS AMERICA, INC. AND

3    ITS COUNSEL, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

4    Please take notice that upon the opening of a miscellaneous matter number in this

5    Court, Celgard, LLC ("Celgard") intends to file an *ex parte application* pursuant to

6    Federal Rule of Civil Procedure 45 and Local Rule 7-19 requesting that the United

7    States District Court for the Central District of California enter an order :

8         1. Compelling Kia Motors America, Inc. ("KMA") to comply with Requests

9              to Permit Inspection and for Production of Things Nos. 1 and 2 in the

10             subpoena attached as Exhibit A to this Notice no later than noon Pacific

11             Standard Time on Wednesday, March 5, 2014; or, in the alternative

12        2. Transferring this Application to the United States District Court for the

13             Western District of North Carolina pursuant to Fed.R.Civ.P. 45(f).

14    Celgard intends to file its *ex parte* application on Monday, March 3, 2014.

15         Because this matter involves the enforcement of a Rule 45 subpoena issued

16    by the Western District of North Carolina, no matter number has been opened in the

17    Central District of California.  Based on discussions with the clerk of the Court,

18    Celgard understands that as a matter of policy the clerk will not open a new matter

19    number if the initiating documents are accompanied by an *ex parte* application.

20    Celgard files this Notice to explain the need for a miscellaneous number to be

21    opened so that Celgard can file its application for *ex parte* relief in accordance with

22    the local rules and applicable law on Monday, March 3, 2014.

23    **FACTUAL BACKGROUND FOR THE FORTHCOMING APPLICATION**

24         Celgard's *ex parte* application will be based on appropriate evidence,

25    argument and authority establishing that Celgard will be irreparably prejudiced if its

26    request is heard according to regular noticed motion procedures and that Celgard is

27    without fault in creating the crisis that requires *ex parte* relief.  *See Mission Power*

28    *Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  The facts and

1    evidence supporting the application will be set forth in the documents supporting the

2    application.  For purposes of this notice, Celgard represents that the application will

3    be based on the following facts, among others.

4         Celgard has sued SK Innovation Co., Ltd. ("SKI") for infringement of a

5    patent covering a "Separator" battery component in the United States District Court

6    for the Western District of North Carolina.  SKI has moved to dismiss for lack of

7    personal jurisdiction, and the North Carolina court has ordered jurisdictional

8    discovery that will close on March 14, 2014.

9         Celgard is informed and believes that the 2015 Kia Soul EV automobile,

10   which was first unveiled at the Chicago Auto Show on or about February 6, 2014,

11   and will be sold in the United States beginning later this year, contains a battery that

12   includes SKI's infringing "Separator" component.  The presence of the infringing

13   "Separator" in the 2015 Kia Soul EV is critical to Celgard's opposition to SKI's

14   motion to dismiss for lack of personal jurisdiction.

15        Celgard properly served a subpoena on KMA in Chicago on February 7,

16   2014, one day after the 2015 Kia Soul EV was publicly unveiled at the Chicago

17   Auto Show.  The subpoena sought discovery in Chicago that was substantially

18   identical to the discovery specified in the subpoena attached to this Notice –

19   specifically an inspection of a 2015 Kia Soul EV and production of a complete

20   battery pack or module used in the 2015 Kia Soul EV.[1]

21        KMA initially promised to cooperate with the subpoena.  Among other things,

22   KMA represented that "we have a couple of pre-production vehicles that can have

23   their batteries pulled in 10-15 minutes.  Subject to our consent, you can pretty much

24   do it any time next week."

25        However, KMA then hired SKI's outside counsel and reneged on its

26

27   ───────────────

28   [1] The summary of discovery requested in the subpoena is for reference purposes only
     and does not limit or otherwise affect the specific discovery requested in the
     subpoena.

1   agreement to cooperate. Celgard filed an emergency motion to enforce the

2   subpoena in the United States District Court for the Northern District of Illinois.

3   After Celgard filed its motion, KMA represented that the automobile and battery

4   specified in the subpoena would be available at KMA's headquarters in Irvine,

5   California after the Chicago Auto Show ended. Based on KMA's representations,

6   Celgard withdrew its motion in good faith to avoid wasting the Illinois court's time

7   and resources, and on February 14 Celgard served a confirming subpoena on KMA

8   for the inspection to occur in Irvine on Friday, February 21, 2014.

9       On Wednesday, February 19, 2014 after days of silence, counsel for KMA

10   and SKI suddenly announced that KMA would not permit the inspection to go

11   forward on the date specified in the confirming subpoena and provided no time

12   frame for the inspection.

13       Celgard gave KMA notice on Friday, February 21 that it would be filing an *ex*

14   *parte* application in the Central District of California for an order compelling

15   KMA's compliance with the subpoena, or in the alternative transferring the

16   application to the Western District of North Carolina. Counsel for KMA responded

17   by agreeing to permit the inspection "in the next 1-1.5 weeks." Celgard agreed to

18   this compromise and refrained from taking up the Court's valuable time and

19   resources with an *ex parte* application that KMA would have opposed on the

20   grounds that KMA had already agreed to the inspection. Celgard proposed to

21   conduct the inspection on March 4, 2014 – a full "1.5 weeks" from the date of

22   KMA's offer to cooperate.

23       As soon as Celgard agreed not to file its *ex parte* application, KMA once

24   again began to backtrack, claiming among other things that it has no technicians

25   anywhere in the United States who know how to remove the battery cells that KMA

26   had previously agreed to produce in response to the subpoena. Celgard's counsel

27   worked in good faith to resolve all of KMA's new hurdles, and repeatedly asked

28   KMA to confirm that the inspection would go forward on March 4, 2014.

EX PARTE APPLICATION TO ENFORCE SUBPOENA           - 3 -
CASE NO. MISC.

Unfortunately Celgard's efforts at good faith cooperation have once again been blocked. Although KMA itself specified the time frame of "1.5 weeks" from February 21 for the inspection (setting the inspection date nearly a full month after Celgard served KMA with its original subpoena), KMA now refuses (yet again) to permit the inspection. With the jurisdictional discovery deadline looming, Celgard has no choice but to seek *ex parte* relief from this Court or risk being permanently prejudiced by KMA's incessant gamesmanship.

Celgard will file its *ex parte* application on Monday, March 3, 2014 under the case number assigned to this matter based on this Notice. Celgard will also serve this Notice on counsel for KMA once the Notice has been filed. To the best of Celgard's knowledge, counsel for KMA in this matter is:

> Jeffrey Abraham
> Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
> 901 New York Avenue, NW
> Washington, DC 20001-4413
> 202.408.4000
> Jeffrey.Abraham@finnegan.com

Mr. Abraham is also counsel of record for defendant SK Innovations Co., Ltd. ("SKI").

DATED: February 28, 2014       Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____
LARRY W. MCFARLAND

Attorneys for Plaintiff
Celgard, LLC

ATTACHMENT

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of North Carolina

| | | |
|---|---|---|
| Celgard, LLC | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   3:13-cv-00254-MOC-DSC |
| SK Innovation Co., Ltd. | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Kia Motors America, Inc., c/o Jeffrey W. Abraham, Finnegan Henderson Farabow Garrett & Dunner, LLP, 901 New York Avenue, N.W., Washington, D.C. 2001-4413

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Kia Motors America, Inc. 111 Peters Canyon Road, Irvine, CA  92606 | Date and Time: 02/21/2014 0:00 am |
|---|---|

☑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Kia Motors America, Inc. 111 Peters Canyon Road, Irvine, CA  92606 (See Exhibit A) | Date and Time: 02/21/2014 0:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/14/2014

| _CLERK OF COURT_ | | |
|---|---|---|
| _____ | OR | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ ___Celgard, LLC___ _____, who issues or requests this subpoena, are:

Jonathan E. Harris, Kilpatrick Townsend & Stockton, LLP, 1001 West Fourth Street, Winston-Salem, NC  27101 (336) 607-7390

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:13-cv-00254-MOC-DSC

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                 *Server's signature*

                                                 _____
                                                 *Printed name and title*

                                                 _____
                                                 *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

02/28/2014 16:14 FAX 2132499989        Nationwide Legal        ☒005/008
00/00/2014  10:23:30 FAX 2132499990      NATIONWIDE LEGAL

# EXHIBIT A

## DEFINITIONS

1.      Each of the terms "Kia," "you," and "your" shall mean and refer to Kia Motors America, Inc. and any predecessor, parent, subsidiary, affiliate, division, unit, section, sector, group, officer, director, employee, agent, or other representative thereof.

2.      Each of the terms "Defendant" and "SKI" shall mean and refer to SK Innovation Inc., Ltd. and its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, divisions, units, predecessors, agents or other representative thereof.

3.      "Action" shall mean *Celgard, LLC v. SK Innovation Co., Ltd., Case No. 3:13-CV-00254-MOC-DSC*, pending before the United States District Court for the Western District of North Carolina.

4.      The "'586 patent" shall mean U.S. Patent No. 6,432,586.

5.      "Person" shall mean any natural person or any business, legal, or governmental entity, organization, or association. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

6.      "Document" shall have the broadest possible meaning afforded under the Federal Rules of Civil Procedure and shall include, but not be limited to, every writing or record of any kind that is in your possession, custody, or control and that is kept by electronic, photographic, mechanical, or other means. For purposes of these requests, any document that contains a note, comment, addition, deletion, modification, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to production.

7.      "Thing" shall have the broadest possible meaning afforded under the Federal Rules of Civil Procedure.

8.      "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

9.      "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, evidencing, or constituting.

10.     In addition to their plain and ordinary meaning, the terms "identify" and "identity" shall mean:

> (a)     as applied to an individual, to state the individual's full name, present or last known address and telephone number, present or last known employer, present or last known business address and telephone number, and a description of his or her present employment responsibilities;
>
> (b)     as applied to a Person or entity other than a natural person, to state the Person's or entity's full name, place, and date of incorporation or formation, principle place of business or activity, and the identity of natural persons associated with that Person or entity have knowledge of the matter with respect to which that Person or entity is named.

11.     Whenever used herein the singular includes the plural and vice versa; the words "and" and "or" shall be conjunctive and disjunctive; the words "all" or "any" shall mean "any and all;" the word "including" means "including without limitation."

12.     The terms "he," "his," or "him" are generic terms that mean any person as defined herein, whether natural or otherwise, and whether masculine, feminine, or neuter.

13.     The term "Battery Separator" shall mean any separator suitable for use in a lithium-ion battery. The term shall include, but not be limited to, any polymer based film material or separator that can be combined or coated with a layer or a coating containing ceramic particles.

2

14.    The term "SKI Batteries" shall mean any battery or cell that SKI designs, manufactures, distributes, imports, offers for sale, or sells that incorporates or may incorporate a Battery Separator.

15.    The term "Kia Vehicle" shall mean any vehicle that uses or may use SKI Batteries.

## ADDITIONAL INSTRUCTIONS

1.    Celgard is mindful of the requirements of Federal Rule of Civil Procedure 45(d)(1) to avoid imposing undue burden and expense on Kia in connection with this subpoena. Accordingly, these requests for inspection and production have limitations and alternatives as follows:

   a.   Celgard will send a person(s) to Irvine, CA at 111 Peters Canyon road, Irvine, CA 92606 to inspect any Kia Soul EV vehicles and receive the battery pack, rather than requiring any production in North Carolina.

   b.   Any inspection of any Kia Soul EV vehicles will be carried out at a time convenient to Kia, for example, outside of business or normal operating hours of Kia Motors America, Inc..

   c.   Because Celgard intends to conduct destructive tests to the battery pack requested in No. 2 below, Celgard is willing to pay or otherwise compensate Kia at a reasonable price for the requested battery pack.

   d.   As a substitute for the production of the battery pack for destructive testing pursuant to No. 2 below, Kia can produce for destructive tests by Celgard six (6) batteries or cells from the battery pack that are to be used in any Kia Soul EV vehicle in the United States that are of the same construction as those batteries or

3

cells in the battery pack in any Kia Soul EV vehicles being shown in Chicago, IL at McCormick Place, 2301 S. Lake Shore Drive, Chicago, Illinois, 60616 at the 2014 Chicago Auto Show from February 6, 2014 to at least February 14, 2014. Celgard is willing to pay or otherwise compensate Kia at a reasonable price for the requested batteries or cells.

## REQUESTS TO PERMIT INSPECTION AND FOR PRODUCTION OF THINGS

1.     Inspection of Kia Soul EV vehicles that are being displayed, marketed, used, offered for sale, or otherwise shown at the 2014 Chicago Auto Show from February 6, 2014 to least February 14, 2014 at McCormick Place, 2301 S. Lake Shore Drive, Chicago, Illinois, 60616.

2.     Produce one complete battery pack or module used in any Kia Soul EV vehicles being displayed, marketed, used, offered for sale, or otherwise shown at the 2014 Chicago Auto Show from February 6, 2014 to at least February 14, 2014 at McCormick Place, 2301 S. Lake Shore Drive, Chicago, Illinois, 60616.

4